UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Randal R. Benson,  Civil No. 12-1213 (PAM/JJG)

Plaintiff,

v.  **MEMORANDUM AND ORDER**

Wells Fargo Bank, N.A.,

Defendant.

---

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons that follow, the Motion is granted and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Randal Benson bought a home in Cambridge, Minnesota, in 1996. To fund the purchase, he signed a note and gave a mortgage in favor of Community National Bank. Shortly thereafter, Community National Bank assigned the mortgage to Norwest Mortgage, which became Defendant Wells Fargo Bank, N.A. In 2003, Benson declared bankruptcy but opted to continue paying his mortgage payments and keep his home.

Benson paid his mortgage payments until early 2010, although his payments were rarely timely and at times were sporadic. In March 2010, Benson stopped making mortgage payments altogether. He contends that he had been paying through Wells Fargo's online payment portal but was unable to do so for his March 2010 payment. He also claims that he attempted to make a payment at a Wells Fargo branch and was told that he could not pay the mortgage at a branch office. Wells Fargo repeatedly asked Benson to mail payments to

various addresses, but he refused to make any payments through the mail. Eventually, Wells Fargo instituted foreclosure proceedings, and the property was sold at a sheriff's sale in 2011. Benson did not redeem the property during the statutory period.

The Complaint raises four claims. Count I contends that Wells Fargo's alleged refusal to accept Benson's payments constitutes a breach of the implied covenant of good faith and fair dealing in the promissory note. Count I also asserts that Wells Fargo violated the Bankruptcy Code by its alleged refusal to accept Benson's payments. (Compl. (Docket No. 1-1) ¶ 23.) Count II claims that the foreclosure unjustly enriched Wells Fargo "to the extent the [value of the property] exceeds the remaining unpaid balance of Plaintiff's mortgage debt." (Id. ¶ 25.) Count III contends that Benson's default occurred because Wells Fargo refused to accept Benson's payments, and thus that the foreclosure was wrongful. Count IV asks the Court to apply the doctrine of equitable estoppel to keep Wells Fargo from foreclosing on the property. However, Benson concedes in his opposition papers that, because the foreclosure and sheriff's sale have been accomplished, this Count is moot. (Pl.'s Opp'n Mem. at 10 n.4.)

**DISCUSSION**

**A.     Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743,

747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323; Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.    Breach of Contract**

Benson concedes that the terms of the promissory note allow Wells Fargo to require that he make payments at a certain place, and that Wells Fargo did not ever tell him that he could make payments in person at a branch office. He argues, however, that Wells Fargo occasionally accepted payments made in person at branch offices, and that by doing so and by accepting online payments, the parties' course of dealing modified the terms of the promissory note.

Minnesota's credit statute of frauds bars this claim. The credit statute of frauds prohibits any action to enforce a "credit agreement" unless "the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Minn. Stat. § 513.33, subd. 2. A credit agreement is any agreement

3

"to lend or forebear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." Id. subd. 1. A change in method or manner of permitted payment certainly falls within the catch-all "other financial accommodation" provision in the statute.

Benson has no evidence that he and Wells Fargo ever agreed in writing to allow Benson to make payments in person. He has produced no writing to that effect, either signed or unsigned. The credit statute of frauds thus bars Benson's breach-of-contract claim.

Benson cannot rely on the Bankruptcy Code to resuscitate his breach-of-contract claim. As Wells Fargo points out, the section of the Bankruptcy Code on which Benson relies provides for debtor's responsibilities when the debtor chooses to continue paying his or her mortgage rather than surrendering their residence to the bankruptcy estate. The Code does not require a lender to do anything, and Benson's allegation in this regard is confusing at best and frivolous at worst. Wells Fargo's conduct in 2010 could not have violated Benson's ability to preserve his mortgage through his 2003 bankruptcy proceedings. Nor could those bankruptcy proceedings have modified the terms of his promissory note with Wells Fargo. Benson has no claim under the Bankruptcy Code.

**C.     Unjust Enrichment**

A claim for unjust enrichment does not lie when the parties' relationship is governed by a valid contract. See, e.g., U.S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (1981) ("[E]quitable relief cannot be granted where the rights of the parties are governed by a valid contract.") The promissory note here is a valid contract, and Benson has

no claim for unjust enrichment.

**D.   Wrongful Foreclosure**

Benson's only argument that the foreclosure was wrongful is that Wells Fargo breached its contract with Benson by not accepting his payments in person. But Benson has no claim for breach of contract here, and his wrongful foreclosure claim therefore fails as well.

**CONCLUSION**

Benson's claims fail as a matter of law. Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Summary Judgment (Docket No. 17) is **GRANTED**; and

2. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 27, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge